## THE STATE *vs.* PEPPER ET AL.

Where it appeared, from the record, that two forfeitures of a recognizance were entered at different terms of the same court, it was held that the last entry might be treated as mere surplusage.

APPEAL from Washington Circuit Court.

P. COLE, *for Appellees.*

The point in this case is this:—Were the two defaults legally entered against defendants at the July and November terms of the Circuit Court?

TOMPKINS, *Judge, delivered the opinion of the Court.*

This is a proceeding by *scire facias* against John Pepper, James Pepper and William Pepper. The writ states, that on the 17th day of February, James Pepper and William Pepper entered into a recognizance conditioned that John Pepper should personally appear before the Circuit Court of Washington county on the first day of the term thereof, to be held at the Court-house on the second Monday in July then next, to answer, &c.; and that he failed to appear at the time and place aforesaid, although called, &c. It is further stated, that said John Pepper was again called, on his said recognizance, at the November term of the said court, and failing to appear, the said court adjudged that his recognizance should be forfeited, as it had before decided at the July term, then next preceding, and that they were summoned to show cause why the said sum of five hundred dollars ought not to be levied, &c.

The point made for the defendants by Mr. Cole, their attorney, is this: "Were there two defaults legally entered against the defendants at the July and November terms of said court?"

If the *scire facias* had been issued immediately after the first failure, more justice would have been done to the State, but it is not perceived that the defendants have any right to complain of the neglect of the officer to issue his writ at an earlier day, inasmuch it is not seen that five hundred dollars is claimed to be paid for each forfeiture. The second forfeiture is a mere surplusage not in any manner injuring the defendant.

The judgment of the Circuit Court must, therefore, be affirmed.